MAGUIRE v. FEDERAL CROP INS. CORP.

FEDERAL CROP INS. CORP. v. MAGUIRE.

No. 13053.

United States Court of Appeals
Fifth Circuit.

April 8, 1950.

Mason P. Gilfoil, Shreveport, La., Byron D. Bullock, Shreveport, La., for Maguire.

Wm. J. Fleniken, Asst. U. S. Atty., Shreveport, La., Malcolm E. Lafargue, U. S. Atty., Shreveport, La., for Federal Crop Ins. Corp.

Before HOLMES, McCORD and BO· RAH, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment awarding plaintiff below, appellant here, only partial indemnity for loss in yield of lint cotton and cotton seed from crops planted in 1946 on her farm in Red River Parish, Louisiana. The defendant below has filed a cross-appeal from that part of the judgment taxing costs against it. This action was brought upon a policy of cotton-crop insurance issued under the Federal Crop Insurance Act, 7 U.S.C.A. § 1501 et seq.

In her complaint, the plaintiff alleged that the contract of insurance, for which she paid a premium of $558.82, covered 75% of her 25% interest as landlord in lint cotton and cotton seed to be grown in 1946 on 219 acres of land, having an established yield of 428 pounds of lint cotton per acre; that due to excessive rains and insect infestation, the unavoidable causes insured against, the insured's farm produced only 3236 pounds of lint cotton instead of the estimated yield of 90,496 pounds; that plaintiff's insured loss of lint cotton and cotton seed was 20,119 pounds in terms of lint cotton, having a cash equivalent value of $7,745.82; and, notwithstanding that plaintiff had duly submitted due proof of her loss and had complied with the terms of the insurance contract, that the defendant rejected her claim and offered her indemnity in the amount of only 4811 pounds.

In its answer, the defendant denied that the insured crop was damaged by excessive rainfall and insect infestation to the extent claimed by plaintiff, averring that plaintiff sustained a loss in yield of lint cotton and cotton seed by reason of unavoidable causes insured against in the amount of only 4811 pounds in terms of lint cotton. It further denied that plaintiff had complied with the terms of the insurance contract, and denied that the insurance contract attached to 219 acres as alleged by the plaintiff, averring that it attached to a measured acreage of only 191.8 acres. The defendant admitted that the plaintiff was entitled to a refund of $69.33 on account of the premium paid by her, because of the erroneously computed acreage; and it offered the plaintiff the cash equivalent of 35.25 cents per pound for 4811 pounds, amounting to $1695.88, which was not accepted. The plaintiff insisted that she was entitled to a greater sum than the amount admitted by the defendant. We presume the above figures include the value of the cotton seed.

The case went to trial on its merits; and, during its progress before a jury, the defendant introduced witnesses who testified that the crop grown on adjoining land, the Debose farm, was a much better crop than that produced by the plaintiff. Many witnesses for the defendant testified to the fact that the Debose farm made more cotton than did the plaintiff's farm, and they used the Debose farm for comparative purposes. In rebuttal of this damaging testimony, the plaintiff offered evidence as to the differences in quality between the Debose land and hers. The defendant objected to this evidence as not being in rebuttal, and the court sustained the objection. The defendant had offered evidence to show that the adjoining Debose farm appeared to be in good condition during the farming season, and produced fair-sized crops; that it produced 13 bales on 26 acres planted to cotton. The defendant's witnesses testified that the Debose farm and the plaintiff's farm were similar as to elevation and soil texture. In presenting her case in chief, the plaintiff had no reason to introduce evidence regarding the Debose farm. She offered her evidence in rebuttal to the testimony of the defendant. The court below said that this evidence should have been offered as a part of the plaintiff's case, but we think not. It was admissible only in rebuttal, and the failure to admit it was highly prejudicial, necessitating reversal and a new trial.

The failure of the plaintiff to make an offer in evidence of the excluded testimony, as required by Rule 43 (c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is not fatal to her case. An offer of proof as to excluded evidence is not essential if it is otherwise entirely clear what the alleged error is. The question, as propounded by the plaintiff to her witness, was as to the differences between the land in question and

**322**

the adjacent land. Such testimony as the plaintiff attempted to elicit from her witnesses would have served to rebut the comparative evidence of the two farms offered by the defendant, and shou' ' have been admitted. Evidence in rebuttal is admissible to repel, explain, disprove, or contradict, facts given in evidence by the adverse party. West Publishing Company v. Edward Thompson Company, C.C., 152 F. 1019; Stanley v. Beckham, 8 Cir., 153 F. 152; Worchester v. Pure Torpedo Company, 7 Cir., 127 F.2d 945; 64 C.J., Trial Section 176.

 Before suit was filed, the defendant offered plaintiff the same amount of indemnity as was awarded her by the jury. The plaintiff alleged this offer in her complaint, and in its answer the defendant admitted it. The appellant denies the efficacy of the offer, and contends that it should have been a formal one as required by Rule 68. The appellee contends that the plaintiff's allegation of this offer in her complaint was a judicial admission and, in substance, a waiver of the formal requisites of an offer under Rule 68. We think not; an offer of compromise is not an offer of judgment; an offer of judgment may be made, as provided in Rule 68, at any time more than ten days before the trial begins, and should include costs to date of the offer. We mention this so that appellee, before another trial, may avail itself of the benefit of this rule by formal compliance with the provisions thereof if it sees fit. For the same reason, we call appellant's attention to Rule 9 (c) of the Federal Rules of Civil Procedure. No motion to dismiss the complaint because of plaintiff's failure to allege conditions precedent to her right of recovery was made in the lower court. If such motion had been made and sustained, the defect was subject to amendment, which should now be made in advance of another trial. Rule 15 (b) and (c) of Federal Rules of Civil Procedure.

The judgment appealed from is reversed on direct appeal, affirmed on cross-appeal, and remanded to the court below with directions to grant a trial *de novo*.

Reversed.