507 A.2d 613

**Joel M. CHERRY, Ray Brodie, Jr., Nelson M. Stone, and Sinai Hospital**

v.

**Seymour BROTHERS et al.**

No. 128, Sept. Term, 1985.

Court of Appeals of Maryland.

May 2, 1986.

Craig B. Merkle (Donald L. DeVries, Jr. and Semmes Bowen & Semmes, on brief), Baltimore, for appellant Ray Brodie Jr.

Jefferson V. Wright (Miles & Stockbridge, on brief), Baltimore, for appellant Nelson M. Stone.

Pattie G. Zimmerman (Smith, Somerville & Case, on brief), Baltimore, for appellant Sinai Hosp.

Marc Seldin Rosen (Whiteford, Taylor & Preston, on brief), Baltimore, for appellant Joel M. Cherry.

Richard P. Neuworth (Leslie L. Gladstone and Leslie L. Gladstone, P.A., on brief), Baltimore, for appellees.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

COUCH, Judge.

Here appellants question whether an improperly captioned notice of action to nullify a Health Claims Arbitration award satisfies the statutory procedures of the Health Care Malpractice Act if it is factually determined that appellants "were in no manner prejudiced" by the error. Since, in our view, appellees' filing of the notice of action to nullify fully complied with statutorily prescribed procedures for invoking judicial review, we need not address the role, if any, the

prejudicial effect of noncompliance plays in this statutory scheme. We affirm the decision of the Court of Special Appeals solely on the basis that appellees actually complied with all legislative directives for judicial review.

The parties agree on the factual and procedural scenario out of which this matter arises. In May of 1982 Seymour and Bernyce Brothers, appellees herein, initiated a medical malpractice claim against Joel M. Cherry, M.D., Nelson N. Stone, M.D., Ray Brodie, Jr., M.D. and Sinai Hospital, appellants herein, pursuant to the Health Care Malpractice Act (hereinafter the "Act").[1] The matter was heard by an arbitration panel on February 20 and 21, 1984. The panel ruled in favor of each of the health care providers on all counts.

Dissatisfied with this outcome, the Brothers sought judicial review in the Circuit Court for Baltimore City. To reject the arbitral award and institute a court action to nullify, they made various filings with the court and in the Health Claims Arbitration Office (hereinafter HCAO).

On March 20, 1984, well within the prescribed time limits,[2] the Brothers filed a Notice of Rejection of Award and a Notice of Action to Nullify Award in the HCAO. Each of these original papers bore the caption "Before the Health Claims Arbitration Office of Maryland—HCA No.:82–139."

The docket entries for the Circuit Court for Baltimore City reflect that on the same date appellees there filed a "Notice to nullify award, notice of rejection, Motion to vacate decision by arbitration panel, Points and Authorities, Declaration, and Prayer for a Jury Trial." An examination of the record reveals that the "notice to nullify award" and the "notice of rejection" docketed in the circuit court were

---

1. Maryland Code (1974, 1984 Repl.Vol.), Courts and Judicial Proceedings Article, §§ 3–2A–01 to 3–2A–09. All subsequent references to Md.Code Sections are to the Courts & Judicial Proceedings Article unless otherwise indicated.

2. See § 3–2A–06(a) and Rule BY2a, respectively.

actually photocopies of the Notice of Action to Nullify Award and the Notice of Rejection of Award which were filed with the HCAO.

Seizing on the fact that the original Notice of Action to Nullify Award was filed in the HCAO rather than in the circuit court, appellants Cherry and Stone filed a "Motion Raising Preliminary Objection Or, In The Alternative, Motion To Dismiss Or, In The Alternative, Motion Ne Recipiatur," asserting that no court action had been properly commenced pursuant to § 3–2A–06(b) and Rule BY2a. A hearing on the motion was conducted wherein the circuit court held that despite the photocopy filed in the circuit court, the alleged defect warranted dismissal of the claim as to all appellants. Consequently, the action was dismissed on all counts, and the arbitration award in favor of the health care providers was confirmed. *See* § 3–2A–05(h).

Appeal was taken to the Court of Special Appeals which reversed the circuit court and remanded the case. *Brothers v. Sinai Hospital,* 63 Md.App. 235, 492 A.2d 656 (1985). We granted the health care providers' petition for certiorari and now affirm the Court of Special Appeals. Since the only error alleged is the Brothers' noncompliance with § 3–2A–06 and Rule BY2a, our review is conducted within those confines.[3]

■ Time and again, this Court has indicated that a party must comply with all procedural requirements of the Act to secure judicial review of an adverse arbitration award. *Tranen v. Aziz,* 304 Md. 605, 500 A.2d 636 (1985); *Oxtoby v. McGowan,* 294 Md. 83, 447 A.2d 860 (1982); *Attorney General v. Johnson,* 282 Md. 274, 385 A.2d 57, *appeal dismissed,* 439 U.S. 805, 99 S.Ct. 60, 58 L.Ed.2d 97 (1978). More specifically, we have held that compliance with the procedures to invoke judicial review as set forth in § 3–2A–06 is a condition precedent to the maintenance of a medical

---

**3.** For a general overview of the statutory arbitral process see *Attorney General v. Johnson,* 282 Md. 274, 385 A.2d 57, *appeal dismissed,* 439 U.S. 805, 99 S.Ct. 60, 58 L.Ed.2d 97 (1978).

malpractice court action. *Tranen v. Aziz*, 304 Md. at 614, 500 A.2d at 640. Conversely, noncompliance with § 3–2A–06 and its corresponding Maryland Rule, BY2, warrants dismissal of the court action. *Id.* Thus the resolution of this appeal turns on whether the filing of a photocopy of the Notice of Action to Nullify, with its HCAO caption, constituted compliance with § 3–2A–06 and Rule BY2.

In § 3–2A–06, subsection (b) addresses the action to nullify. It states in pertinent part:

"(b) *Action to nullify award.*—At or before the time specified in subsection (a) for filing and serving a notice of rejection, the party rejecting the award shall file an action in court to nullify the award and shall file a copy of the action with the Director. Failure to file this action timely in court shall constitute a withdrawal of the notice of rejection. Subject to the provisions of subsection (c), the procedures applicable to the action including the form and necessary allegations in the initial pleading shall be governed by the Maryland Rules."

Rule BY2a, which speaks to the filing of the notice of action to nullify and its content, states:

"An action to nullify an award rendered by an arbitration panel determining a health care malpractice claim shall be commenced by filing notice of the action with the clerk of a court within 30 days after the award is served upon the party rejecting the award, or within ten days after disposition of a timely application to the panel to modify or correct the award, whichever is later. The notice shall identify the award and state that it is being rejected by the party filing the notice." [4]

---

**4.** In March of 1984, the time for filing the notice was set at the later of 90 days after service of the award on the rejecting party or 30 days after disposition of a timely application to modify or correct the award. This time frame was reduced to its present form by a 1984 amendment. The remainder of the Rule was the same in March of 1984 as it is today.

Despite appellants' assertions to the contrary, we find the Brothers' notice to be in full compliance with § 3–2A–06(b) and Rule BY2a. As we stated in *Tranen v. Aziz*, 304 Md. at 613–14, 500 A.2d at 640, the successful institution of an action to nullify is a two step process:

> "First, a notice of the action must be filed with the clerk of the court within 30 days after the award is served on the rejecting party. Rule BY2. The notice must identify the award and indicate that it is being rejected by the party filing the notice. Not only is it filed in court but a copy is filed on the Director. The second step, under Rule BY4, is the filing of a declaration setting forth the allegations to be proved entitling the aggrieved party to relief. In order to perfect his standing in court so as to be entitled to judicial resolution of the claim, the aggrieved party must follow both steps within the pre-scribed time period." [5]

Here, as in *Tranen*, it is not disputed that the second requirement was met. The controversy centers around the first. While acknowledging that the circuit court received a paper entitled "Notice of Action to Nullify" within the time limit, appellants contend that the fact that this document was a miscaptioned photocopy is a fatal defect rendering its tender something short of a proper filing.

Preliminarily we note that the contents of the notice fully complied with Rule BY2. The notice identifies the award and indicates that it has been rejected.

■ In regard to the filing of a photocopy, we point out that we have been unable to find any provision in either the Act or the Md.Rules [6] prohibiting the use of a photocopy to institute a court action or conversely, requiring the filing of

---

**5.** We do not intend to indicate that compliance with this two step process requires the filing of two separate documents.

**6.** These proceedings took place prior to the adoption of the new Md.Rules on July 1, 1984. Consequently, they were governed by the former Md.Rules. Wherever possible the former rule will be cross-referenced to the current rule.

a typewritten original.[7]  In the absence of any such provision, we are unable to conclude that appellees were required under the Act to file an original of their typewritten Notice of Action to Nullify with the circuit court.

■■  Similarly, the Act and the BY rules do not speak to the proper caption form to be used on a notice; nor do the Md.Rules which were in effect in March of 1984.[8]  Without any legislative directive mandating a particular caption, we decline to hold the Health Claims Arbitration caption used in the instant case a fatal defect requiring automatic dismissal.  Instead, at the direction of § 3–2A–06(b)[9] and COMAR 01.03.01.02,[10] we turn to the Md.Rules for assessing the gravity of this error.  At the time appellees filed their notice, Rule 320 a 4 was in effect.  It stated, "The court at every stage of the proceedings shall disregard any error or defect in process, pleadings or record which does not affect the substantial rights of the parties."

■■  The miscaption on the notice did not affect the substantial rights of the parties.  Appellants freely admit that

---

7.  The former Md.Rules were silent on this point.  Under the current Rule 1–301(d), "A paper and the writing on it shall be of permanent quality and the writing shall be legible."  There are not further relevant requirements.

8.  Current Rule 1–301 provides in pertinent part:
    *"(a) Caption and Titling.*—Every pleading and paper filed shall contain a caption setting forth (1) the parties or, where appropriate, the matter, (2) the name of the court, (3) the assigned docket reference, and (4) a brief descriptive title of the pleading or paper which indicates its nature."

9.  Section 3–2A–06(b) states, "[T]he procedures applicable to the action including the form and necessary allegations in the initial pleading shall be governed by the Maryland Rules."  At the time of these proceedings "action" was defined by Rule 5a as "all the steps by which a party seeks to enforce any right in a court of law or equity."  Rule 1–202(a) now defines "action" and is basically the same as its predecessor.  Thus, the notice of action to nullify the award is an element of the action itself and is governed by the Md.Rules.

10.  COMAR 01.03.01.02 states, "Except as expressly provided otherwise in the Act and these regulations, the Maryland Rules of Procedure govern all proceedings under the Act."

they were not misled. *Brothers v. Sinai Hospital,* 63 Md.App. at 238, 492 A.2d at 658. The notice alerted them to the Brothers' intent to reject the arbitration award and commence a court action to nullify. In other words, the notice performed its function. Hence, the trial court should have disregarded the defect or, alternatively, allowed amendment of the notice since Maryland has adopted a liberal policy in permitting amendments so that causes of action may be determined on the merits. *See Crowe v. Houseworth,* 272 Md. 481, 325 A.2d 592 (1974); *Osheroff v. Chestnut Lodge,* 62 Md.App. 519, 490 A.2d 720 (1985).

Lastly, appellants contend that the tendering of the photocopy to the circuit court did not constitute a "filing" as required by both § 3–2A–06(b) and Rule BY2a. We disagree.

This Court has discussed the filing of a paper as follows:

"[A] paper is said to be 'filed' when it is delivered to the proper officer and received by him to be kept on file. In modern usage, the 'filing' of a paper consists in placing it in the custody of the proper official who makes the proper indorsement thereon. The word 'filed' carries with it the idea of permanent preservation of a paper so delivered and received, so that it may become a part of the public record."

*Levy v. Glens Falls Indem. Co.,* 210 Md. 265, 273, 123 A.2d 348, 352 (1956). Notably absent from this discussion is any requirement that the paper be properly captioned or an original document. In our view, the specified criteria were satisfied. The paper was delivered to the proper court, the circuit court, where it was docketed. It is directed to "Mr. Clerk," the proper officer. Most important, in red ink it is stamped "MAR 20 1984 FILED", indicating that the document was indeed received and accepted for filing by the circuit court clerk. Finally, the proper circuit court case number was penned in on the top of the notice, and the notice was placed in the file. The notice became part of the public record; it was filed.

In sum, the requirements of § 3–2A–06 and Rule BY2a were satisfied. To reiterate, the notice filed by the Brothers literally complied with the Health Claims Arbitration Act and the Md.Rules. Thus, they were entitled to judicial review of their adverse arbitration award, and the trial court erred in dismissing their claim.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED; COSTS TO BE PAID BY APPELLANTS.