689 A.2d 1289

**Letitia L. ELLIOTT et al.**

v.

**SCHER, MUHER, LOWEN, BASS, QUARTNER, P.A., et al.**

**No. 919, Sept.Term, 1996.**

Court of Special Appeals of Maryland.

March 3, 1997.

Rickey Nelson Jones, Columbia, for Appellants.

Susan Boyce (Jacobson, Maynard, Tuschman & Kalur, on the brief), Columbia, for Appellees.

Submitted before MOYLAN, CATHELL and EYLER, JJ.

CATHELL, Judge.

Appellants, Letitia and Shedrick Elliott, appeal from the dismissal of their petition for judicial review of a decision by a

Health Claims Arbitration Panel by the Circuit Court for Baltimore City (Byrnes, J., presiding). We shall affirm the trial court's dismissal.

## The Facts

This case concerns the relationship between the Health Care Malpractice Claims statute, Md.Code (1974, 1995 Repl. Vol.), §§ 3–2A–01 to 3–2A–09 of the Courts and Judicial Proceedings Article (CJ), and the Maryland Rules regarding judicial review of an administrative agency's decisions, Maryland Rules 7–201 to 7–210. The Health Care Malpractice Claims statute requires that "[a]ll claims, suits, and actions ... by a person against a health care provider for medical injury allegedly suffered by the person in which damages of more than the limit of the concurrent jurisdiction of the District Court are sought" be heard by an arbitration panel. CJ § 3–2A–02. The parties may agree to waive arbitration of the claim and proceed directly to the circuit court. See CJ § 3–2A–06A.

In the case *sub judice*, appellants, alleging that Richard Bass, M.D., made an incorrect diagnosis and was negligent, filed a claim against Dr. Bass and Scher, Muher, Lowen, Bass, Quartner, P.A., appellees, with the Director of the Health Claims Arbitration Office. Prior to the arbitration proceeding, appellants conducted discovery by way of interrogatories. Due to appellees' incomplete answers, appellants moved for a default judgment at numerous times during the proceedings. The arbitration panel chairperson denied appellants' motions for a default judgment.

The arbitration hearing was held from October 30, 1995 to November 2, 1995. The panel ruled in favor of appellees. On November 21, 1995, appellants filed a Notice of Rejection and Action to Nullify. This case, case number 95325033/ CL204831, is apparently pending in the circuit court and is in no way involved in this appeal. In addition, appellants filed a separate case, i.e., a petition for judicial review of the decision of the arbitration panel, pursuant to Maryland Rule 7–202, which regulates appeals from administrative agencies; only

this last case and petition is at issue in this appeal. Appellants brought this separate action averring procedural irregularities before the panel—i.e., the panel abused its discretion in declining to grant a default judgment to appellants based upon appellees' repeated discovery abuses.

A hearing on appellants' petition for judicial review of the decision of the arbitration panel was held on April 26, 1996. After hearing from appellants' counsel only, Judge Byrnes dismissed appellants' petition. Judge Byrnes stated:

> I appreciate the passion and the eloquence with which you place this matter before me. And were it standing in isolation, it would be a very interesting issue, but I think the result would probably be the same which is that you would be required to follow the statutory scheme for health claims which is to go before this Court on behalf of your client and seek health claim relief.
>
> You have already done that and that is where the statute tells you you must find your relief. I can't give it to you independently of the . . . statutory authority. And that's really what you seek.
>
> . . . .
>
> . . . I recognize that you have presented a potential cause for interest we'll say at the trial court level that you believe there's been a foul tainting of the process which should disentitle the health care provider of the presumption that they get by law.
>
> The question you're presenting is where is . . . that issue joined. Is it joined in a separate proceeding which could in some fashion conflict with what we'll call the main proceeding, or should it be resolved within the main proceeding. And I have little doubt—I have some little doubt, but not big enough doubt to conclude as I've said that this must be dismissed because you are confined by statute to the remedy there provided.

### Discussion

Appellants assert two questions on appeal:

1. Did the Circuit Court for Baltimore City commit error by dismissing the [appellants'] "Method (7–202) And Early Memoranda (7–207)" without a hearing?[ [1] ]

2. Did the Panel Chairman abuse his discretion by failing to fashion a remedy to alleviate the prejudice to the [appellants] as a result of the Providers' (i) disobedience to the [Maryland Rules] and (ii) disobedience to two Direct Orders?

We shall not address appellants' second question. If we were to affirm the trial court's dismissal of appellants' petition for judicial review, the second question would become moot. Conversely, if we were to reverse the trial court, we would not review the actions of the panel chairperson because the issue was not raised below nor did the trial court render a decision as to whether the panel chairperson abused his discretion. "[T]he appellate court will not decide an[ ] . . . issue unless it plainly appears by the record to have been raised in or decided by the trial court. . . ." Md. Rule 8–131(a).

■ We reformulate appellants' question and present it as the following issue:

Whether a claimant, who alleges to have been aggrieved by discovery abuses during an arbitration proceeding conducted pursuant to the Health Care Malpractice Claims statute, may seek judicial review of the arbitration panel chairperson's decision regarding discovery sanctions pursuant to Maryland Rule 7–202.

We hold that such a claimant may not obtain judicial review pursuant to Maryland Rule 7–202 and shall affirm the trial court. We explain.

Chapter 200, title seven of the Maryland Rules provides a procedure for review of administrative agency decisions. Maryland Rule 7–201 provides:

---

1. Appellants refer to their petition for judicial review of the decision of the arbitration panel as their "Method And Early Memoranda." We shall refer to it as the petition for judicial review.

(a) **Applicability.**—The rules in this Chapter govern actions for judicial review of an order or action of an administrative agency, where judicial review is authorized by statute.

(b) **Definition.**—As used in this Chapter, "administrative agency" means any agency, board, department, district, commission, authority, commissioner, official, the Maryland Tax Court, or other unit of the State or of a political subdivision of the State.

Appellants argue that they are entitled to judicial review pursuant to chapter 200, title seven of the Maryland Rules, because the Health Claims Arbitration Office is an administrative agency. While the Health Claims Arbitration Office may or may not be an administrative agency, the critical question is whether the health claims arbitration panel, whose chairperson rendered the decision that appellants ask us to review, is an administrative agency. We hold that it is not and explain.

In *Attorney Gen. v. Johnson,* 282 Md. 274, 385 A.2d 57, *appeal dismissed,* 439 U.S. 805, 99 S.Ct. 60, 58 L.Ed.2d 97 (1978), overruled in part, *Newell v. Richards,* 323 Md. 717, 728–35, 594 A.2d 1152 (1991), the plaintiffs asserted that Maryland's Health Care Malpractice Claims statute was unconstitutional. In a declaratory judgment action, they argued that the statute was "constitutionally infirm as impermissibly vesting judicial power in a nonjudicial body in violation of separation of powers principles, as abridging the rights of access to the courts and of trial by jury, and as denying to malpractice claimants the equal protection of the laws." *Id.* at 277, 385 A.2d 57. The Court of Appeals held that the statute was constitutional. In addressing the plaintiffs' contention that "the Act vest[ed] judicial power in an administrative agency contrary to the mandates of the Maryland Constitution," *id.* at 283, 385 A.2d 57, the Court stated:

We think . . . that this statute, which in essence requires that malpractice disputes be submitted to nonbinding arbitration as a condition precedent to the institution of a court action, does not in any fashion impermissibly transgress the

separation of powers doctrine. To conclude otherwise would be to embrace "the erroneous notion that all adjudication is judicial," and to overlook two crucial facts present here relevant to the exercise of judicial power: that the parties are in no way bound by the award of the arbitration panel and that the panel itself cannot enforce its award.

. . . .

While the [plaintiffs] protest that the statute vests judicial power in an administrative agency, we observe preliminarily that it is clear that such a formulation of the Act's consequences is inaccurate, for the simple reason that *the entity assertedly performing the judicial function—the arbitration panel, and not the Health Claims Arbitration Office— is not an administrative agency in the traditional sense*. . . .

Since the arbitrators are obviously not a part of the executive unit created by the Act, it becomes plain that the unit so created—the Health Claims Arbitration Office— exercises no judicial function whatever.[ [2]]

*Id.* at 283–86, 385 A.2d 57 (emphasis added; footnote omitted); *see also Weidig v. Crites,* 323 Md. 408, 410, 593 A.2d 1094 (1991) ("Health claims arbitration is not a judicial proceeding, nor is it an administrative proceeding.").

While the Court of Appeals has indicated that some administrative law principles may be applicable to arbitration proceedings under the Health Care Malpractice Claims statute, it has forcefully emphasized that an arbitration panel acting pursuant to the statute is not an administrative agency. In *Oxtoby v. McGowan,* 294 Md. 83, 447 A.2d 860 (1982), the plaintiffs brought medical malpractice and wrongful death actions in the circuit court. At trial, the plaintiffs asserted

---

**2.** The Court of Appeals indicated in a footnote: "It is thus unnecessary in this case that we pause to consider the extent to which the office and its activities are subject to administrative law principles." *Johnson,* 282 Md. at 286 n. 11, 385 A.2d 57. It seems the Court was referring to the applicability of administrative law principles to the activities of the Health Claims Arbitration Office and not to the arbitration panel.

that the injury to the deceased occurred prior to the effective date of the Health Care Malpractice Claims statute and that, therefore, they were not required to submit the claims to an arbitration panel prior to filing suit. The verdict of the circuit court was in favor of the defendant. On appeal, the plaintiffs contended that the injury occurred after the effective date of the statute, and, therefore, they were required to submit their claim to arbitration prior to initiating suit in the circuit court. They further argued that, because the claim was never submitted to an arbitration panel, the circuit court lacked jurisdiction to hear their claims. The Court of Appeals held that the injury to the decedent occurred prior to the effective date of the statute. In discussing the Health Care Malpractice Claims statute, the Court noted:

> The Act, however, does not take away the subject matter jurisdiction of a circuit court to hear and render judgments in cases involving claims which fall within the Act. "[T]his statute, which in essence requires that malpractice disputes be submitted to nonbinding arbitration" creates "a condition precedent to the institution of a court action...." But the General Assembly has forcefully expressed in § 3–2A–02(a) its intent that this condition precedent be satisfied.... *While an arbitration panel operating under the Act is not an administrative agency,* the legislative mandate that the arbitration procedure under the Act be followed as a precondition to invoking the general jurisdiction of a court is analogous to the doctrine of exhaustion of administrative remedies.

*Id.* at 91, 447 A.2d 860. (emphasis added; citations omitted).

The Court of Appeals in *Tranen v. Aziz*, 304 Md. 605, 608, 500 A.2d 636 (1985) (footnote omitted), "determine[d] the procedures an aggrieved party must follow to obtain judicial review of an arbitration award under the Health Care Malpractice Claims Act." It noted:

> "Judicial Review" is the phrase used in the Health Care Malpractice Claims Act to describe the procedure by which a party aggrieved by an arbitral award may seek redress before a circuit court. *The term is not used in the tradi-*

*tional sense as a review of an administrative proceeding in that the arbitration panel is not an administrative body.* *Id.* at 608 n. 1, 500 A.2d 636 (emphasis added); *see also Su v. Weaver,* 313 Md. 370, 378 n. 3, 545 A.2d 692 (1988).

In *Newell v. Richards,* 323 Md. 717, 594 A.2d 1152 (1991), the Court of Appeals overruled our decision in *Hahn v. Suburban Hosp. Ass'n,* 54 Md.App. 685, 461 A.2d 7 (1983), and partially overruled its holding in *Johnson, supra,* regarding the burden of proof in medical malpractice cases. In *Hahn,* we relied on *Johnson* and held that, procedurally, an arbitration award in a medical malpractice case is analogous to a decision of the Workers' Compensation Commission. We stated:

> [T]he [Health Care Malpractice Claims] statute shifts the burden from the plaintiff to the defendant where the defendant, in effect, loses before the Health Claims Arbitration Panel and rejects the award, requiring the defendant in such a case ... to satisfy a jury by a preponderance of evidence that the plaintiff is not entitled to the award made by the Panel.

*Hahn.* 54 Md.App. at 693, 461 A.2d 7. The *Newell* Court held that the workers' compensation appeal procedure was not to be utilized in medical malpractice cases due to the significant differences between the Health Care Malpractice Claims statute and the Workers' Compensation Act. As relevant to this appeal, the Court stated:

> The two agencies were created to serve different purposes. The Health Care Malpractice Claims statute created the Health Claims Arbitration (HCA) Office as a unit in the Executive Department. The health claims arbitration panels are independent from the HCA office altogether. Panel members are selected by the arbitration participants and disband as soon as they make an award.

*Newell,* 323 Md. at 731–32, 594 A.2d 1152.

We are also cognizant of the exclusive appeal process provided in the Health Care Malpractice Claims statute. Section 3–2A–06(b) of the Courts and Judicial Proceedings Article,

which provides for judicial review of an award by the arbitration panel, states:

> At or before the time specified in subsection (a) of this section for filing and serving a notice of rejection, the party rejecting the award shall file an action in court to nullify the award or the assessment of costs under the award and shall file a copy of the action with the Director.

The statute also allows for modification, correction, or vacation of an award made by the arbitration panel:

> An allegation by any party that an award or the assessment of costs under an award is improper because of any ground stated in § 3–223(b) or § 3–224(b)(1), (2), (3), or (4) or § 3–2A–05 (h) of this article shall be made by preliminary motion, and shall be determined by the court without a jury prior to trial.... If the court finds that a condition stated in § 3–224(b)(1), (2), (3), or (4) exists, it shall vacate the award, and trial of the case shall proceed as if there had been no award.

CJ § 3–2A–06(c). Section 3–224(b) of the Courts and Judicial Proceedings Article provides:

> The court shall vacate an award if:
>
> (1) An award was procured by corruption, fraud, or other undue means;
>
> (2) There was evident partiality by an arbitrator appointed as a neutral, corruption in any arbitrator, or misconduct prejudicing the rights of any party;
>
> (3) The arbitrators exceeded their powers;
>
> (4) The arbitrators refused to postpone the hearing upon sufficient cause being shown for the postponement, refused to hear evidence material to the controversy, or otherwise so conducted the hearing, contrary to the provisions of § 3–213, as to prejudice substantially the rights of a party....

As indicated above, the statute provides the procedure that parties to an arbitration proceeding pursuant to the Health Care Malpractice Claims statute must take to nullify, modify, correct, or vacate an arbitration award. The Court of Appeals

has repeatedly emphasized the exclusive nature of this procedure.

In *Tranen, supra,* the Court of Appeals discussed the appropriate procedure by which an aggrieved party may seek redress in the circuit court. It stated:

> The legislature has fashioned through the Health Care Malpractice Claims Act a mandatory framework for the resolution of health claims. The Act unequivocally provides for the exclusiveness of its procedures. Section 3–2A02(a) proclaims that a health claims action "may not be brought or pursued in any court of this State *except in accordance with this subtitle.*" (Emphasis added). Although by this mandate the Act does not divest the circuit court of subject matter jurisdiction to hear a dispute involving a health claim, it "creates a condition precedent to the institution of a court action. . . ."

> Submission of the malpractice dispute to arbitration does not in itself satisfy the condition precedent to court action; the litigants must follow the special statutory procedures prescribed by the Act. Both the notice of rejection provision ("notice of rejection must be filed," § 3–2A–06(a) (emphasis supplied)) as well as the action to nullify provision ("the party rejecting the award shall file an action in court to nullify the award," § 3–2A–06(b) (emphasis supplied)) are posed in imperative terms. More important, the statutory context of these directives plainly shows that compliance with them is mandatory and that noncompliance mandates dismissal.

> The purpose of the legislative scheme is clear upon careful analysis. The notice of rejection serves as the final step in the arbitration procedure by which the award may be held non-binding and the claim held open for judicial resolution. The action to nullify, on the other hand, is the exclusive step by which the aggrieved party may initiate proceedings in court.

*Tranen,* 304 Md. at 611–12, 500 A.2d 636 (citations omitted). Likewise, the Court in *Ott v. Kaiser–Georgetown Community Health Plan, Inc.,* 309 Md. 641, 646, 526 A.2d 46 (1987), noted:

The "exclusive step by which the aggrieved party may initiate proceedings in court," *Tranen,* 304 Md. at 612, 500 A.2d 636, is the action to nullify the award. Section 3–2A–06(b). Although called an action to nullify, the proceeding is not analogous to an appeal from an administrative decision. Rather, the action is essentially a separate common law tort action with the added element that the arbitration process must be complete.

This Court promulgated rules to establish the procedures unique to the action to nullify. These rules are found at Subtitle BY of Chapter 1100 of the Maryland Rules. Rule BY2 provides that the action to nullify "shall be commenced by filing notice of the action with the clerk of a court. . . ." Rule BY4 requires the plaintiff, that is, the party making the claim against the health care provider, to file a complaint within 30 days after the filing of the notice of action, no matter which party rejects the award. Thus the Rules divide the action to nullify into a two-step process: a "notice of action" followed by a complaint. Rule BY 4 a 2 states in pertinent part:

If the plaintiff filed the notice of action, the [complaint] shall be filed in the court where the notice of action was filed. If the defendant filed the notice of action, the plaintiff may file the [complaint] in any court having venue.

[Citations omitted; brackets in original.]

### Resolution

 An arbitration panel acting pursuant to the Health Care Malpractice Claims statute is not an administrative agency. Therefore, a party may not appeal an award rendered by a health claims arbitration panel under the rules governing appeals from administrative agency decisions. Section 3–2A–06 of the Courts and Judicial Proceedings Article

provides the exclusive appeal process for an aggrieved litigant in a health claims arbitration proceeding. Judge Brynes was absolutely correct. A litigant generally may not supplement the exclusive procedure provided for by the Health Care Malpractice Claims statute by filing a petition for judicial review pursuant to Maryland Rule 7–202.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTI-MORE CITY AFFIRMED; COSTS TO BE PAID BY AP-PELLANTS.**