670 A.2d 959

Candie Jean MAXWELL

v.

Bruce E. INGERMAN.

No. 1332, Sept. Term, 1995.

Court of Special Appeals of Maryland.

Jan. 30, 1996.

678

Before WILNER, C.J., and DAVIS and HARRELL, JJ.

## ON MOTION FOR RECONSIDERATION OF NOVEMBER 15, 1995 ORDER DISMISSING APPELLEE'S CROSS APPEAL

WILNER, Chief Judge.

With exceptions not relevant here, Md.Rule 8–202(a) requires that, to perfect an appeal to this Court, a notice of appeal must be filed within 30 days after the entry of the judgment or order from which the appeal is taken. That requirement has been held to be jurisdictional in nature: "if the requirement is not met, the appellate court acquires no jurisdiction and the appeal must be dismissed." *Houghton v. County Comm'rs of Kent Co.,* 305 Md. 407, 413, 504 A.2d 1145 (1986).

Rule 8–202(e) provides that "[i]f one party files a timely notice of appeal, any other party may file a notice of appeal within ten days after the date on which the first notice of appeal was filed or within any longer time otherwise allowed by this Rule." Assuming that there are no intervening motions to strike or revise the judgment under Rules 2–532, 2–533, or 2–534, or a request for in banc review under Rule 2–551, this means that, in a civil case, a cross-appeal must be filed within the later of 30 days following entry of the judgment or order or 10 days after the first notice of appeal is filed. The question before us is whether that time requirement is also jurisdictional in nature, like the time requirement set forth in § (a) of the Rule. We shall hold that it is not.

*THE FACTS*

On December 9, 1994, the Circuit Court for Baltimore County entered judgment NOV in favor of appellee. On January 6, 1995, appellant filed a notice of appeal. As required by Md.Rule 1–323, the notice of appeal contained a certificate of service, attesting that, on that date—January 6, 1995—a copy of the notice was mailed, postage prepaid, to counsel for appellee. In fact, the copy was not mailed to opposing counsel until January 17, 1995, and counsel did not receive the notice, or have any other notice of the appeal, until January 18. Appellant has asserted, without contradiction, that the lapse was inadvertent.

By the time counsel for appellee had received the notice, the time for filing a cross-appeal had expired. Nonetheless, a cross-appeal was filed on January 20, 1995. The notice of cross-appeal referenced the judgment of December 9, 1994, but gave no explanation as to why it was not filed within the time allowed by Rule 8–202(e). In a routine examination of the record received from the circuit court, we noted that the cross-appeal was not filed within the time allowed by the rule and, on November 15, 1994, being unaware of any reason why we should do otherwise, we dismissed the cross-appeal as untimely, pursuant to Md.Rule 8–602(a)(3).

Appellee filed a timely motion for reconsideration, informing us that the reason the cross-appeal was filed late was because (1) he had no reason to initiate an appeal from the judgment NOV, which was favorable to him, unless appellant appealed, and (2) he was unaware that appellant had filed an appeal until after the time for noting a cross-appeal had expired. He asked, in the alternative, that his cross-appeal be reinstated or that appellant's appeal be dismissed. Appellant has responded, supporting appellee's request for reinstatement of the cross-appeal but opposing dismissal of her appeal.

*DISCUSSION*

The motion raises two distinct questions—reinstatement of the cross-appeal and dismissal of the first appeal. The rein-

statement question hinges on whether the time requirement in Rule 8–202(e) is jurisdictional—whether we have the power to entertain a cross-appeal filed later than the time allowed by the rule. We shall resolve that issue and, with it, the reinstatement question. As a result, we need not address the alternative motion to dismiss appellant's appeal.

█ The jurisdictional issue appears to be one of first impression in Maryland. It has arisen, however, under the analogous Federal Rule (Fed.R.App.P. 4(a)(3)), allowing a party to file a cross-appeal within 14 days after the filing of the first notice of appeal by another party. The Federal courts are split on the issue, some holding that the 14–day limit is mandatory and jurisdictional, others holding that it is merely a rule of practice that can be waived.

The nature and extent of the split and the rationales underlying the two points of view are well described in *Young Radiator Co. v. Celotex Corp.*, 881 F.2d 1408 (7th Cir.1989). With appropriate citations, which we need not repeat, the Court observed that, as of then, the Third, Fourth, Fifth, Eighth, Ninth, and D.C.Circuit Courts had held that the time requirement for a cross-appeal was a rule of practice, which could be suspended, rather than a jurisdictional mandate. At 1415, the Court noted that

> "[a]lthough the reasoning in specific cases varies, the basic rationale is that the initial notice of appeal invokes jurisdiction over the whole case so that the appellate court has the power to overlook the absence of a 4(a)(3) notice and to reverse or otherwise modify a non-appealed judgment or ruling in order to fully adjudicate the appeal before it."

Conversely, the Second, Sixth, Seventh, and Tenth Circuits had "for the most part" and subject to some "cross currents," adhered to the view that Rule 4(a)(3) "is a mandatory, jurisdictional requirement." *Id.* at 1416. The *Young Radiator* Court opted to follow the latter view, based largely on a holding by the Supreme Court in *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988) that the requirement of Fed.R.App.P. 3(c) that a notice of appeal name

the party taking the appeal was mandatory and jurisdictional, and that, if a party was not so named in the notice of appeal, the appellate court acquired no jurisdiction over him. Although Rule 4(a)(3) was not at issue in *Torres,* the Court spoke broadly about the mandatory nature of Rules 3 and 4, and that convinced the *Young Radiator* Court that Rule 4(a)(3) was mandatory.

We note that the requirement actually at issue in *Torres*— Rule 3(c)—was later deleted from the rule, specifically to abrogate the effect of the *Torres* ruling. *See Garcia v. Wash,* 20 F.3d 608, 609 (5th Cir.1994).

We shall adopt the view that the time requirement in Rule 8–202(e) is *not* jurisdictional in nature but rather serves simply to limit the scope of review. In other words, we conclude that

(1) if an appeal is timely noted, this Court acquires appellate jurisdiction over the entire case;

(2) if a timely cross-appeal is not filed, we will ordinarily review only those issues properly raised by the appellant;

(3) if a cross-appeal is, in fact, filed, but is not timely under Rule 8–202(e), we will ordinarily regard the issues sought to be raised in the cross-appeal as not being properly preserved for appellate review and thus dismiss the cross-appeal for that reason; but

(4) if good cause—exceedingly good cause—is shown for the untimeliness, we may, in our discretion, excuse the untimeliness and consider issues raised in the cross-appeal.

Several considerations impel us to that view. First, adoption of the inflexible jurisdictional approach is not necessary to fulfill the public policy behind the time requirement. Regarding the matter as a scope of review issue, much like issues not raised or decided in the lower court, allows the same measure of enforcement. Except in the most extraordinary case, late filing will not be excused and an untimely filed cross-appeal seeking to raise issues not otherwise presented in the appellant's appeal will be dismissed on the ground that the issues

have not been properly preserved for appellate review. The effect is the same. The advantage, of course, is that the scope of review approach allows some flexibility for the rare case when justice would be best served by addressing the issues sought to be raised by the cross-appellant.

From a jurisprudential perspective, there is much to be said for the view that the initial appeal, timely filed, suffices to invoke the jurisdiction of the Court over the entire case; subject to the agreement of counsel under Rule 8–413, it causes the entire record of the circuit court to be transmitted. Upon the filing of that appeal, all issues become open for potential consideration, limited only by standing and preservation impediments—e.g., raising the issue below, presenting a sufficient record, and properly raising the issue in the briefs. The issues actually presented for appellate resolution are framed by the parties in their briefs, not by the notice of appeal. The time requirement for the initial appeal has far greater significance and thus justifies a jurisdictional mantle. The true finality of the judgment is affected. That is not so much the case with cross-appeals, for once one appeal is timely noted, the parties and, constructively, the world, know that the judgment is in some potential jeopardy.

This approach follows the thinking of Wright and Miller, *Federal Practice and Procedure,* § 3904 (1991 ed.) at 218:

"All of the rather uncertain advantages to be gained from the cross-appeal requirement can be enjoyed by treating it as a rule of practice, to be enforced unless there is good reason for dispensation. The most important justification for dispensation lies in the need for just disposition of an entire case. * * * There is no need to convert the advantageous cross-appeal procedure adopted by Appellate Rule 4(a)(3) into a jurisdictional trap. The jurisdiction of the court of appeals is established by the timely filing of the first notice of appeal. The first notice also can provide warning that the judgment is not inexorably final as to any change not urged by the appellant. The rules surrounding cross-appeals should be treated as matters of practice, to be

enforced in most circumstances but to be excused for suffi-
cient cause."

It is true, of course, that an appellee can theoretically
protect himself by checking with the clerk's office on the 30th
and 31st days following the entry of judgment to determine
whether an appeal has been filed. If notices of appeal were,
in all cases, entered on the docket within a day after they are
filed, that approach, though causing some extra work for the
appellee and the clerk, would work well. The fact is, however,
that documents filed with the clerks are not always entered on
the docket quite so promptly. We have seen examples of
documents not being docketed until several days after they
were filed. The requirement that notices of appeal be served
on other parties, which came into the Rules in 1974, was
intended to obviate the need for such checking, and, while it is
certainly a prudent thing for parties to do, there is no good
reason to force parties to rely on that mechanism.

There should be no implication from regarding the time
requirement for a cross-appeal as a scope of review rather
than a jurisdictional limitation that late filings will be excused
or that the time requirement will not be rigorously enforced.
The rule means what it says; cross-appeals must be noted
within the time allowed or they will be routinely dismissed, as
this one was. The scope of review approach leaves open a
very small window reserved for only the extraordinary case,
and attempts to enlarge that window will be steadfastly reject-
ed by this Court.

Here, we believe the facts warrant allowing the cross-
appeal. There is no dispute that, while appellant's counsel
attested that he had promptly served a copy of the notice of
appeal, in fact he did not. The clerk was misled by the
certificate, for had there been no certificate, the clerk would
have been obliged to reject the notice. Md.Rule 1–323. Ap-
pellee was obviously misled by the non-service into thinking
that no appeal had been filed. The facts were undisputed, the
prejudice was real, and appellant, to her credit, has supported
appellee's motion for reconsideration. We shall grant it.

684

MOTION FOR RECONSIDERATION GRANTED; CROSS–APPEAL REINSTATED, SUBJECT TO FURTHER ORDER REGARDING BRIEFING AND ARGUMENT.