28 A.3d 43

**Gaetano LOVERO**

v.

**Joelma DA SILVA.**

No. 1547, Sept. Term, 2009.

Court of Special Appeals of Maryland.

Sept. 1, 2011.

---

434

Ronald C. Brigerman, Jr., Cambridge, MD, for Appellant.

Melissa R. Kilmer, Salisbury, MD, for Appellee.

Panel: WOODWARD, GRAEFF, HOTTEN, JJ.

WOODWARD, J.

Appellant, Gaetano Lovero, asks this Court to decide whether the Circuit Court for Dorchester County erred or abused its discretion in determining the amount and duration of alimony awarded to appellee, Joelma Da Silva. We are precluded from deciding that issue, however, because Lovero did not file a timely notice of appeal from the circuit court's judgment. Accordingly, we shall dismiss this appeal for lack of jurisdiction.

## BACKGROUND

The Circuit Court for Dorchester County granted Lovero a Judgment of Absolute Divorce from Da Silva on July 29, 2009, and the clerk of the court entered the judgment on the docket on July 31, 2009. In that judgment, the court ordered, *inter alia*, Lovero to pay indefinite alimony of $300.00 per month to Da Silva.

On August 28, 2009, a Notice of Appeal was delivered to the clerk of the circuit court. The Notice of Appeal states, in its entirety:

### *NOTICE OF APPEAL*

GAETANO LOVERO, Appellant, by and through the Law Offices of Ronald C. Brigerman, Jr., LLC and Ronald C. Brigerman, Jr., his attorney, files this Notice of Appeal relative to the Order of this Court, dated July 29, 2009. A copy of the said Order is attached hereto.

Respectfully submitted on this 28th day of August, 2009.

/s/_____

Ronald C. Brigerman, Jr.

Law Offices of Ronald C. Brigerman, Jr., LLC

319 High Street, Suite 200

P.O. Box 442

Cambridge, MD 21613

(410) 901–9998

Attorney for Appellant

The Notice of Appeal did not include a certificate of service or an admission or waiver of service, as is required by Maryland Rule 1–323. Nevertheless, the docket entries for this case indicate that the Notice of Appeal was filed on August 28, 2009. Lovero also did not serve a copy of the Notice of Appeal upon the attorney of record for Da Silva.

On September 4, 2009, Lovero filed an Amended Notice of Appeal with the clerk of the circuit court. The Amended Notice of Appeal states, in its entirety:

### *AMENDED NOTICE OF APPEAL*

GAETANO LOVERO, Plaintiff, by and through the Law Offices of Ronald C. Brigerman, Jr., LLC and Ronald C. Brigerman, Jr., his attorney, files this Notice of Appeal relative to the Order of this Court, dated July 29, 2009. A copy of the said Order is attached hereto.

/s/_____

Ronald C. Brigerman, Jr.

Law Offices of Ronald C. Brigerman, Jr.,

LLC 319 High Street, Suite 200

P.O. Box 442

Cambridge, MD 21613

(410) 901–9998

Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Amended Notice of Appeal was mailed to Melissa R. Kilmer, Esq., Legal Aid Bureau, Inc., 111 High Street, Salisbury, MD 21801 on this 4th day of September, 2009.

/s/_____

Ronald C. Brigerman, Jr.

Attorney for Plaintiff

Counsel for Da Silva received a copy of the Amended Notice of Appeal on September 8, 2009. Also on September 8, 2009, the clerk's office entered both the Notice of Appeal and the Amended Notice of Appeal on the docket.[1]

On September 14, 2009, Da Silva filed in the circuit court a motion to strike Lovero's notices of appeal pursuant to Maryland Rule 8–203(a)(1), in which motion she argued that Lovero did not file a notice of appeal within thirty days after entry of the Judgment of Absolute Divorce. Lovero filed a response to Da Silva's motion on September 28, 2009, arguing that neither the Maryland Rules nor Maryland case law provided a basis for striking the appeal. On September 30, 2009, the circuit

---

1. Pursuant to Maryland Rule 8–202(e), when one party files a timely notice of appeal, any other party may file a notice of cross-appeal within ten days after the date on which the first notice of appeal was filed. According to the docket entries, the Notice of Appeal in the instant case was filed on August 28, 2009. Da Silva had ten days from that date, or until September 7, 2009, to file a cross-appeal. Consequently, when Da Silva received a copy of the Amended Notice of Appeal on September 8, 2009, the time for filing a cross-appeal had elapsed. There is no indication in the record, however, that Da Silva intended to file a cross-appeal.

court denied Da Silva's motion to strike without any explanation.

Thereafter, on December 11, 2009, Da Silva filed in this Court a motion to dismiss Lovero's appeal under Maryland Rule 8–602(a)(3).[2] Lovero filed an answer to the motion on January 5, 2010.[3] By order dated January 7, 2010, this Court denied the motion to dismiss, without prejudice to Da Silva's right to seek the same relief in her brief. In a footnote to that order, this Court recognized the novelty of the question presented in Da Silva's motion:

> The motion essentially contends that a timely filed appeal is ineffective *ab initio* if it lacks proof of service and/or that the appeal should be stricken. The parties' respective memoranda do not address the effect, if any, of Md. Rule 8–201(a) ("The clerk shall enter the notice on the docket.") upon Md. Rule 1–323 ("The clerk shall not accept . . . [.]"). No known reported Maryland case appears to have addressed the precise issue being raised here. Should the consequence of a clerk's allegedly erroneous acceptance of a timely but technically defective notice of appeal be analogous to *Frank v. Storer*, 308 Md. 194, 207 [517 A.2d 1098] (1986) ("Where, as here, the clerk does not enforce the provision but accepts the instrument for record, the validity of the instrument is unaffected and its recordation operates as constructive notice.")? Resolution of this apparent issue of first impression is best determined by a panel of this Court after consideration of the parties' respective briefs and arguments.

## DISCUSSION

In her brief, Da Silva renews her motion to dismiss pursu-

---

**2.** Da Silva advanced essentially the same arguments in her motion to dismiss the appeal in this Court as she did in her motion to strike in the circuit court.

**3.** Lovero's arguments in his answer to Da Silva's motion to dismiss the appeal were identical to those presented in his response to Da Silva's motion to strike.

ant to Rule 8–602(a)(3).[4]   Da Silva asserts that, because the Notice of Appeal did not include proof of service as required by Rule 1–323, the clerk did not have the authority to accept and enter the Notice of Appeal as "filed" on August 28, 2009. Specifically, according to Da Silva, Rule 1–323 directs the clerk not to accept for filing a paper that requires service if there is no certificate of service.   Citing *Bond v. Slavin,* 157 Md.App. 340, 352, 851 A.2d 598 (2004), Da Silva contends that "a notice of appeal is filed on the date that the notice is received by the clerk's office, 'except for notices of appeal that fail to comply with the certificate of service requirement of Md. Rule 1–323.' " Da Silva concludes that, under *Bond,* it is clear that "a [n]otice of [a]ppeal cannot be filed on the date that the notice was received if it does not include a certificate of service," and thus Lovero's Notice of Appeal "could not have been entered as filed on August 28, 2009."

Regarding this Court's order dated January 7, 2010, Da Silva argues that Rule 1–323 establishes a prerequisite for every pleading that is filed in court, and if there is no compliance with Rule 1–323, the requirement under Rule 8–201(a) that the clerk enter the notice on the docket simply does not apply.   Da Silva also distinguishes *Frank v. Storer,* 308 Md. 194, 517 A.2d 1098 (1986), from the instant case on the grounds that the clerk in *Frank* had no duty to enforce the Real Property Article when accepting and recording a document, while in this case the clerk is required by Rule 1–323 to enforce the proof of service requirement.   Finally, Da Silva asserts that Lovero's Amended Notice of Appeal, filed on September 4, 2009, should be deemed untimely because it was filed four days after the expiration of the 30–day period prescribed in Rule 8–202(a).

Lovero responds that his Notice of Appeal was timely filed. Lovero concedes that his Notice of Appeal did not contain a

---

4.  Rule 8–602(a)(3) states: "On motion or on its own initiative, the Court may dismiss an appeal for any of the following reasons: … (3) the notice of appeal was not filed with the lower court within the time prescribed by Rule 8–202; …."

certificate of service, as required by Rule 1–323, and that he did not serve a copy of the Notice of Appeal upon Da Silva's attorney of record, as required by Rule 1–321(a). Nonetheless, Lovero asserts that the docket entries properly reflect that his Notice of Appeal was filed on August 28, 2009, which was within the 30–day filing period required for a notice of appeal under Rule 8–202(a). According to Lovero, even if the clerk erred by failing to reject the Notice of Appeal because of a lack of a certificate of service, such error did not invalidate the appeal. Furthermore, Lovero contends that under *Frank,* the acceptance and docketing of the Notice of Appeal by the clerk's office "provide[d] constructive notice to any persons interested in the status of the case, and whether an appeal was noted."

## I.

We begin our analysis with Rule 8–202(a), which reads:

**Rule 8–202.   Notice of appeal—Times for filing.**

(a) **Generally.** Except as otherwise provided in this Rule or by law, the notice of appeal shall be filed within 30 days after entry of the judgment or order from which the appeal is taken. In this Rule, "judgment" includes a verdict or decision of a circuit court to which issues have been sent from an Orphans' Court.

The plain language of Rule 8–202(a) requires that the notice of appeal be "*filed* within 30 days after entry of the judgment or order." (Emphasis added). The Court of Appeals has stated repeatedly that this requirement of Rule 8–202(a) is jurisdictional. *Ruby v. State,* 353 Md. 100, 113, 724 A.2d 673 (1999); *Houghton v. Cnty. Comm'rs,* 305 Md. 407, 413, 504 A.2d 1145 (1986); *Institutional Mgmt. Corp. v. Cutler Computer Concepts, Inc.,* 294 Md. 626, 629–30, 451 A.2d 1224 (1982). "Failure of an aggrieved party to so file terminates its right of appeal and the appellate court acquires no jurisdiction to hear that matter." *Ruby,* 353 Md. at 113, 724 A.2d 673; *see Nationwide Mut. Ins. Co. v. Regency Furniture, Inc.,* 183 Md.App. 710, 740 n. 16, 963 A.2d 253 (2009) (stating that

"failure to file a notice of appeal within the 30–day deadline of Rule 8–202(a) is a jurisdictional defect"). In *Clinton Petroleum Services, Inc. v. Norris,* 271 Md. 665, 667, 319 A.2d 304 (1974), the order of appeal was filed more than 30 days after the passage of the order from which the appeal was taken. The Court of Appeals stated: "This provision is mandatory. Thus, we have no alternative but to dismiss the appeal...." *Id.*

The "mandatory" parts of Rule 8–202(a) are two-fold. First, the notice of appeal must be "filed." Second, the filing must be within the specified 30–day time period. In the case *sub judice,* it is undisputed that Lovero's Notice of Appeal was delivered to the clerk of the circuit court on August 28, 2009, which was within 30 days after the entry of the judgment from which the appeal was taken. The question to be resolved by this Court is whether the Notice of Appeal was "filed" within the meaning of Rule 8–202(a) on August 28, 2009.

In *Cave v. Elliott,* 190 Md.App. 65, 75, 988 A.2d 1 (2010), this Court set forth the definition of "filed" under the Maryland Rules as articulated by the appellate courts of Maryland. We stated:

In *Cherry v. Seymour Brothers,* 306 Md. 84, 507 A.2d 613 (1986), the Court of Appeals stated:

"[A] paper is said to be 'filed' when it is delivered to the proper officer and received by him to be kept on file. In modern usage, the 'filing' of a paper consists in placing it in the custody of the proper official who makes the proper indorsement thereon."

*Id.* at 92, 988 A.2d 1 (alteration in original) (quoting *Levy v. Glens Falls Indem. Co.,* 210 Md. 265, 273, 123 A.2d 348 (1956)). In *Bond v. Slavin,* 157 Md.App. 340, 351, 851 A.2d 598 (2004), this Court observed that the "date that a pleading or paper is 'filed' is the date that the clerk receives it.... A pleading or paper is filed by *actual delivery* to the clerk...." (Citation and internal quotations omitted) (alterations and emphasis in original).

*Id.*

Corresponding to the delivery of a pleading or paper to the clerk is the duty of the clerk to record any such pleading or paper as filed and entered on the docket of the case in question. *See* Md.Code (1974, 2006 Repl.Vol.), § 2–201(a)(3) of the Courts & Judicial Proceedings Article ("C.J."). This duty has been classified as "ministerial" and described as follows:

> Except as otherwise expressly provided by law, therefore, the clerk has no discretion in the matter and no right to make a judicial determination of whether the paper complies with the Rules or ought to be filed. If the paper has not been presented timely or if it suffers from some other deficiency, it is subject to being stricken by the court, usually upon motion of a party objecting to the paper, but so long as it is properly presented, the clerk must accept and file it.

*Dir. of Fin. v. Harris,* 90 Md.App. 506, 513, 602 A.2d 191 (1992).

Examples of deficiencies in a pleading or paper that have been held *not* to prevent the acceptance and filing thereof by the clerk include the lack of a proper caption on an original document, *Cherry,* 306 Md. at 92, 507 A.2d 613, the incorrect name of the court and docket number, *Cave,* 190 Md.App. at 75–76, 988 A.2d 1, and a certificate of service that failed to comply with Rule 1–321, *Harris,* 90 Md.App. at 514, 602 A.2d 191 (*pro se* party stated that he served his motion on his mother instead of on the City Solicitor). In sum, "[u]nder most circumstances, [ ] regardless of how defective or deficient the pleading or paper is, the clerk may not reject it . . ., but rather should leave it to the court and the parties to determine the sanction for the defect or deficiency." Paul V. Niemeyer, Linda M. Schuett, John A. Lynch, Jr., & Richard W. Bourne, *Maryland Rules Commentary* 48–49 (3d ed. 2003) ("*Maryland Rules Commentary* ").

The only exception to the duty of the clerk to file a pleading or paper, regardless of a defect or deficiency, is the requirement of Rule 1–323 that the "clerk shall not accept for filing" a

pleading or paper requiring service that does not contain "an admission or waiver of service or a signed certificate showing the date and manner of making service." *See Harris,* 90 Md.App. at 513, 602 A.2d 191 (stating that "[t]he only exception ... is the direction in Md. Rule 1–323 not to accept a paper that lacks an admission or waiver of service or a certificate showing the date and manner of service"). Rule 1–323 states:

**Rule 1–323. Proof of service.**

The clerk shall not accept for filing any pleading or other paper requiring service, other than an original pleading, unless it is accompanied by an admission or waiver of service or a signed certificate showing the date and manner of making service. A certificate of service is prima facie proof of service.

In *Harris,* 90 Md.App. at 511–12, 602 A.2d 191, this Court reviewed the history of Rule 1–323:

Rule 1–323 is derived ultimately from Rule 1(a)(2), Part Two, V, of the General Rules of Practice and Procedure, adopted by the Court of Appeals and approved by the General Assembly pursuant to 1939 Md. Laws, ch. 719, § 35A. Rule 1(a)(2) provided, in relevant part, that a paper "shall not be received and filed by the clerk of the court unless accompanied by an admission or proof of service of a copy thereof upon the opposite party or his attorney of record in accordance with this rule." [ ] Other parts of the Rule prescribed how service was to be made. That Rule was carried over into the Maryland Rules of Procedure as Rule 306 a.2., which stated that "[t]he clerk shall not accept or file any paper requiring service other than an original pleading unless it is accompanied by an admission or proof of service of a copy thereof upon the opposite party, or his attorney of record." [ ]

Until the 1984 revision of the Maryland Rules, the Rule remained in that form. . . . Another section of Rule 306, § d, dealing with the effect of a certificate of service, provided that the certificate "showing the date thereof and the man-

ner of making the same in accordance with this Rule, shall be *prima facie* proof of such service." In adopting current Rule 1–323, the Court combined those two sections into one. **The result is the current language obliging the clerk to reject a paper unless it is accompanied by a certificate "showing the date and manner of making service." This is followed by the statement that a certificate of service is prima facie proof of service.**

(Emphasis added) (emphasis in original omitted).

■ It is important to note that in each iteration of the rule the clerk is directed not to "file" any paper or pleading requiring service that does not contain the appropriate proof of service. *See* Rule 1–323 ("The clerk shall not accept for filing...."); Rule 306 a.2. ("The clerk shall not accept or file ...."); and Rule 1(a)(2) (a paper "shall not be received and filed by the clerk ..."). The use of the word "shall" in a rule means that the conduct proscribed is mandatory. *See* Rule 1–201(a);[5] *Owens v. Prince George's Cnty. Dep't of Soc. Servs.*, 182 Md.App. 31, 43–44, 957 A.2d 191 (adopting the view that the use of the word "shall" with respect to commands found in the Maryland Rules is mandatory), *cert. denied,* 406 Md. 746, 962 A.2d 372 (2008); *Tranen v. Aziz*, 59 Md.App. 528, 534, 476 A.2d 1170 (1984) (explaining that the term "shall" in a rule "is presumed mandatory ..., denoting an imperative obligation inconsistent with the exercise of discretion" (citation and quotations omitted)), *aff'd,* 304 Md. 605, 500 A.2d 636 (1985). Therefore, it is clear that in adopting Rule 1–323, and its predecessors, the Court of Appeals intended that a pleading or paper requiring service that did not contain the appropriate proof of service was not to become a part of any court

---

5. Rule 1–201(a) states:

These rules shall be construed to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay. When a rule, by the word "shall" or otherwise, mandates or prohibits conduct, the consequences of noncompliance are those prescribed by these rules or by statute. If no consequences are prescribed, the court may compel compliance with the rule or may determine the consequences of the noncompliance in light of the totality of the circumstances and the purpose of the rule.

proceeding by being "filed" in the court file of such proceeding.

This intent of the Court is consistent with the purpose of Rule 1–323. The authors of *Maryland Rules Commentary* articulate the purpose of Rule 1–323 as follows:

[O]ur adversary system requires that all parties be notified of communications with the court to allow the court to hear arguments of all parties before making a decision or taking an action. This rule, therefore, directs the clerk to reject any pleading or paper that does not show on its face that the parties have been served and therefore notified.

*Maryland Rules Commentary,* at 49.

In a broader sense, Rule 1–323 serves the function of assuring the court that procedural due process is accorded to the parties at every step of the litigation process. Because every paper or pleading filed in a case after the original pleading involves either a request to the court to take a specified action or notification of an action or position taken by a party, due process requires that each party be notified thereof. Rule 1–321(a) embodies this principle by requiring that, "[e]xcept as otherwise provided in these rules or by order of court, *every pleading and other paper filed* after the original pleading *shall be served upon each of the parties.*" (Emphasis added). By mandating that proof of service be placed on each such pleading or paper, by admission or waiver of service or by a signed certificate of service, Rule 1–323 assures the court that the command of Rule 1–321 has been carried out and that each party has been duly notified before action is taken by the court in response to or as a result of the subject pleading or paper. Without the assurance of notification to each party, the foundation of the impartial administration of justice by the courts begins to crumble. Therefore, we hold that a pleading or paper required to be served by Rule 1–321 that does not contain an admission or waiver of service or a signed certificate showing the date and manner of making service cannot become a part of any court proceeding, and the clerk is mandated by Rule 1–323 "not [to] accept for filing"

such pleading or paper. *See Ace American Insurance Co. v. Williams*, 418 Md. 400, 414, 421 (2011) (stating that the motion "should not have been accepted for filing because it was not accompanied by a Certificate of Service required by Md. Rule 1–321(a)").

■ Applying this holding to the facts of the case *sub judice*, Lovero's Notice of Appeal should not have been accepted for filing on August 28, 2009, because the notice did not contain an admission or waiver of service or a signed certificate of service, as required by Rule 1–323. In *Maxwell v. Ingerman*, 107 Md.App. 677, 679, 670 A.2d 959, *cert. denied*, 344 Md. 117, 685 A.2d 451 (1996), the appellant filed a timely notice of appeal, with the appropriate certificate of service, as required by Rule 1–323, on January 6, 1995. The certificate of service attested that a copy of the notice had been mailed, postage prepaid, to counsel for the appellee. *Id.* In fact, such copy was not mailed until January 17, 1995, and was not received by the appellee's counsel until January 18. *Id.* As a result, appellee's cross-appeal was not timely filed under Rule 8–202(e). *Id.* In the course of holding that the time requirement for filing a cross-appeal under Rule 8–202(e) was not jurisdictional and that the cross-appeal could be considered by this Court, we stated:

> There is no dispute that, while appellant's counsel attested that he had promptly served a copy of the notice of appeal, in fact he did not. *The clerk was misled by the certificate, for had there been no certificate, the clerk would have been obliged to reject the notice.* Md. Rule 1–323.

*Id.* at 683, 670 A.2d 959 (emphasis added).

Here, however, the clerk did not follow the dictates of Rule 1–323. The clerk accepted Lovero's Notice of Appeal on August 28, 2009, and caused the docket entries for this case to reflect that the Notice of Appeal had been "filed" on August 28, 2009. The question thus becomes: What is the legal effect of the clerk accepting for filing a notice of appeal that is required to be rejected by Rule 1–323, because such notice does not contain any certificate of service?

Rule 1–323 does not prescribe any consequences for the clerk's failure to follow its mandate. Under Rule 1–201, where no consequences are prescribed by the rule for noncompliance with mandated conduct, the court "may determine the consequences of the noncompliance in light of the totality of the circumstances and the purpose of the rule." We believe that the answer to the aforementioned question can be found in our holding in *Bond.*

In *Bond,* 157 Md.App. at 348–49, 851 A.2d 598, the appellant filed a notice of appeal, but did not pay a filing fee, as required by Rule 8–201(b).[6] The clerk nevertheless filed the notice before receiving the fee. *Id.* at 352, 851 A.2d 598. The appellees moved to dismiss the appeal, arguing that "an appeal is not *actually filed* until the filing fee is paid." *Id.* at 350–51, 851 A.2d 598. The appellees cited as authority for their position C.J. § 2–201(b), which states that the clerk has no duty "to record any paper filed with him [or her]" until costs are paid. *Id.* at 351, 851 A.2d 598. Speaking for this Court, then Chief Judge Joseph F. Murphy, Jr., interpreted "record" to mean "docket" rather than "file," and thus

> [i]f an appellant fails to pay the filing fee, the clerk is not required to *docket* the Notice, but the clerk is required to *file* it. **The only authority that a clerk has to refuse to accept and file a paper presented for filing is that contained in Md. Rule 1–323.**

*Id.* (italics in original) (bold emphasis added) (footnote and quotations omitted).

---

**6.** Rule 8–201(b) states:

> At the time of filing a notice of appeal in a civil case, or within the time for transmitting the record under Rule 8–412 in a criminal case, an appellant shall deposit the fee prescribed pursuant to Code, Courts Article, § 7–102 with the clerk of the lower court unless the fee has been waived by an order of court or unless the appellant is represented by (1) the Public Defender's Office, (2) an attorney assigned by Legal Aid Bureau, Inc., or (3) an attorney assigned by any other legal services organization that accepts as clients only those persons meeting the financial eligibility criteria established by the Federal Legal Services Corporation or other appropriate governmental agency.

This Court then defined the "filing" of a pleading or paper, as previously indicated in this opinion, as the "actual delivery to the clerk." *Id.* Finally, we observed that "Rule 8–201 does not provide that failure to pay the filing fee prohibits a Notice of Appeal from being 'filed.'" *Id.* at 351–52, 851 A.2d 598. Therefore, this Court held that, *"except for notices of appeal that fail to comply with the certificate of service requirement of Md. Rule 1–323, the notice of appeal is filed on the date that the clerk receives the notice,* not the date on which the clerk receives the filing fee." *Id.* at 352, 851 A.2d 598 (emphasis added) (footnoted omitted).

█ Although not so holding, we clearly suggested in *Bond* that a notice of appeal that fails to comply with the proof of service requirement under Rule 1–323 is not "filed" within the meaning of Rule 8–202(a), notwithstanding the delivery to and acceptance by the clerk of such defective notice. This conclusion is consistent with the purpose of Rule 1–323, which is to assure this Court that the due process requirement of notice to all parties of the filing of a notice of appeal has been satisfied. Where, as in the instant case, the notice of appeal contains no proof of service whatsoever, we have no basis upon which to conclude that the notice of appeal was served on the opposing party or parties. Indeed, it is undisputed here that the Notice of Appeal was never served on Da Silva.

█ Our conclusion is also consistent with the jurisdictional nature of Rule 8–202(a). As previously indicated, the failure to comply with Rule 8–202(a) is a "jurisdictional defect," *Regency Furniture, Inc.,* 183 Md.App. at 740 n. 16, 963 A.2d 253, which requires that the appeal be dismissed. *See Clinton Petroleum Services, Inc.,* 271 Md. at 667, 319 A.2d 304.[7]

---

7. The courts of our sister jurisdictions are divided over the issue of whether the lack of a certificate of service on the notice of appeal is a jurisdictional defect. *Compare, e.g., McQuillin v. Perez,* 189 N.C.App. 394, 657 S.E.2d 924, 926 (2008) (stating that, where the notice of appeal contains no certificate of service, the appellate court is without jurisdiction to hear the appeal), *with Pohrman v. Klamath County Comm'rs,* 272 Or. 390, 538 P.2d 70, 71 (1975) (holding that the failure

Therefore, we hold that, where a clerk accepts for filing a notice of appeal that does not contain any certificate of service, and thus should have been rejected under Rule 1–323, such defective notice of appeal is not "filed" within the meaning of Rule 8–202(a).

■ As previously stated, Lovero's Notice of Appeal should have been rejected by the clerk when it was received on August 28, 2009, because the notice failed to comply with Rule 1–323. Instead, the clerk accepted the Notice of Appeal and caused the docket entries to reflect the filing thereof on August 28, 2009. Pursuant to the above holding, the receipt of the Notice of Appeal by the clerk on August 28, 2009, did not constitute a "filing" of the notice on that date under Rule 8–202(a). Because the Amended Notice of Appeal was filed on September 4, 2009, which was more than 30 days after the entry of the judgment from which the instant appeal was taken, this Court acquired no jurisdiction, and Lovero's appeal must be dismissed. *See Houghton,* 305 Md. at 413, 504 A.2d 1145.[8]

---

to affix proof of service to a notice of appeal is not a jurisdictional defect).

**8.** We recognize that "it is the practice of this Court to decide appeals on the merits rather than on technicalities." *Bond v. Slavin,* 157 Md.App. 340, 353, 851 A.2d 598 (2004). Indeed, the appellate courts of Maryland have "generally been quite liberal in construing timely orders for appeal." *Newman v. Reilly,* 314 Md. 364, 386, 550 A.2d 959 (1988); *see, e.g., Williams v. Hofmann Balancing Techniques, Ltd.,* 139 Md.App. 339, 356–57, 776 A.2d 4 (2001) (holding that the appellant's failure to identify one of the appellees on his notice of appeal did not deprive this Court of jurisdiction), *cert. denied sub nom., Perfect Equip. v. Williams,* 367 Md. 385, 788 A.2d 199 (2002); *Lowenthal v. Rome,* 57 Md.App. 728, 738, 471 A.2d 1102 (if "the record as a whole makes plain the representative capacity of the party appealing even though he does so without designation, . . . and the lower court and the other side of the case are adequately advised that a timely appeal is taken, the notice of appeal is effective"), *cert. denied,* 300 Md. 153, 476 A.2d 722 (1984); *Joppa Sand & Gravel Corp. v. L. Epstein & Sons, Inc.,* 39 Md.App. 34, 43, 382 A.2d 1086 (1978) (holding that an order of appeal from a judgment entered against five defendants that described the judgment as "adverse to the defendant, [naming one]" "may not be construed to limit the notice of appeal to [the named defendant] alone"); *Anderson v.*

## II.

In this Court's original denial of Da Silva's motion to dismiss, we stated that "[t]he parties' respective memoranda do not address the effect, if any, of Md. Rule 8–201(a) ('The clerk shall enter the notice on the docket.') upon Md. Rule 1–323 ('The clerk shall not accept . . . .')." We also asked whether the clerk's erroneous acceptance of a timely but technically defective notice of appeal was "analogous to *Frank* . . . ('Where, as here, the clerk does not enforce the provision but accepts the instrument for record, the validity of the instrument is unaffected and its recordation operates as constructive notice.')."

Lovero does not directly address the first issue set forth above. Da Silva, on the other hand, correctly notes that "Md. Rule 1–323 establishes a prerequisite for every pleading that is filed in court. If Md. Rule 1–323 is not complied with, th[e]n Md. Rule 8–201(a) does not apply." Indeed, prior to the directive in Rule 8–201(a) that the clerk "shall enter the notice on the docket," Rule 8–201(a) states that "[e]xcept as provided in Rule 8–204, the only method of securing review by the Court of Special Appeals is *by the filing of a notice of appeal within the time prescribed in Rule 8–202.*" (Emphasis added). Thus the mandate that the clerk "enter the notice on the docket" is premised on a timely filing of a notice of appeal, which we have held requires compliance with Rule 1–323.

Regarding the possible analogy between the case *sub judice* and *Frank*, Lovero argues that *Frank* supports his position that the entry on the docket of the Notice of Appeal on

---

*Stewart,* 108 Md. 340, 346–48, 70 A. 228 (1908) (holding that an order of appeal that was signed by counsel as "Attorneys for Plaintiff," when, in fact, there were four plaintiffs, was "a mere clerical misprision in the pleader" and "should be treated as taken for all the parties plaintiffs" (quotations omitted)). These cases, however, proceed from the premise that the notice of appeal was timely *filed,* and thus we had jurisdiction to consider the matter. As discussed *supra,* the failure of a notice of appeal to be timely or filed deprives us of jurisdiction to rectify any deficiency, regardless of the merits of the appeal or the lack of prejudice. *See Clinton Petroleum Servs., Inc., v. Norris,* 271 Md. 665, 667, 319 A.2d 304 (1974).

September 8, 2009, "provide[d] constructive notice to any persons interested in the status of the case, and whether an appeal was noted." Lovero concludes that, as in *Frank*, the Notice of Appeal "is, and should be, considered valid." We disagree.

*Frank* involved a promissory note that was secured by a deed of trust on three Maryland properties. 308 Md. at 196, 517 A.2d 1098. The holders of the note, the owners of the properties, and the trustees on the deed of trust agreed in a modification agreement to transfer the security interest in one of those properties to a different property. *Id.* The modification agreement was copied into the land records, but the clerk of the circuit court did not index the agreement because it did not contain the certification of preparation by a Maryland attorney or a reference to the election district in which the substituted property was located, as is required, respectively, by Maryland Code (1974, 1981 Repl.Vol., 1986 Cum.Supp.), §§ 3–104(f)(1) and (2) of the Real Property Article ("R.P."). *Id.* at 196–97, 517 A.2d 1098. Thereafter, the trustees initiated foreclosure proceedings on the substituted property. *Id.* at 197, 517 A.2d 1098. The owner of the substituted property moved to dismiss the proceedings on the theory that the modification agreement was not validly recorded. *Id.* The Court of Appeals observed that neither subsection (1) nor (2) of R.P. § 3–104(f) specified the result of its violation, *id.* at 205, 517 A.2d 1098, except that the clerk was "authorize[d]" to refuse to accept for record any instrument governed by those provisions that did not comply with them, *id.* at 207, 517 A.2d 1098. Because the clerk in *Frank* did not enforce the provisions of R.P. §§ 3–104(f)(1) and (2), but accepted the instrument for record, the Court held that "the validity of the instrument [was] unaffected and its recordation operate[d] as constructive notice." *Id.*

*Frank* is readily distinguishable from the instant case. *Frank* involved the recording and indexing requirements for documents filed in the land records, not with pleadings or papers filed in the litigation of a case. The policy issues surrounding the filing of documents in the land records are

markedly different from those involving the filing of pleadings and papers in a court case. *Compare Ledvinka v. Ledvinka,* 154 Md.App. 420, 429, 840 A.2d 173 (2003) (explaining that the purpose of filing pleadings in a court case is to "provide[ ] notice to the *parties* as to the nature of the claim or defense" (emphasis added)), *with Greenpoint Mortg. Funding, Inc. v. Schlossberg,* 390 Md. 211, 230, 888 A.2d 297 (2005) ("A primary purpose of the recording and indexing statutes ... [is] to provide a way to give notice to purchasers, mortgagors, lien holders and the like, of the prior conveyances of, or encumbrances on, the property of a particular person. *Recording and indexing ... [is necessary ] only to determine priorities as between subsequent claimants to title interests, i.e., third parties....* " (Emphasis added)).

More importantly, although the clerk in *Frank* was authorized to reject a deficient document for recording, the clerk was not required to do so. Here, the clerk was mandated to enforce the requirements of Rule 1–323 by not accepting for filing a pleading or paper that does not comply with those requirements. Thus Rule 1–323 clearly calls into question the legal efficacy of the documents that do not adhere to its strictures, while R.P. §§ 3–104(f)(1) and (2) do not.

For the aforementioned reasons, we shall grant Da Silva's motion to dismiss the instant appeal.

**APPEAL DISMISSED; APPELLANT TO PAY COSTS.**